## UNITED STATES CIRCUIT COURT.

### JOHN GRAHAM agt. EDWARD SHEKEN, impleaded, &c., with C. & R. POILLON and others.

Where it appeared that the complainant made three *bills of sale*, absolute on their face, of three steamships owned by him, but in fact as a *security* for a *loan* of $100,000, upon a *usurious* contract, in which was secured more than 7 per cent. for the forbearance of the loan,

*Held*, that the contract and bills of sale were void in law, and must be set aside, and that the complainant was entitled to be restored to his interest in and possession of the vessels, or, in case either of them could not be restored, was entitled to its value.

*New - York, October*, 1859.

NELSON, C. J.   I.  The court holds that the complainant was the owner of the steamship St. Lawrence, and of the one-third part or share of the steamship United States, and was the equitable owner of the steamship Ocean Bird, the legal title being in the defendant Richard Poillon (held as security for certain charges and claims of C. & R. Poillon), at the time of the execution of the bills of sale of these vessels from Graham and C.

& R. Poillon, on the 5th of December, 1855, to the defendants Sheken and Meyer, as set forth in the pleadings.

II. That although these bills of sales are absolute on the face of them, they were executed and delivered as a security for a loan of $100,000, made by Sheken and Meyer to Graham upon a usurious contract, in which was secured more than 7 per cent. for the forbearance of the loan, and that the contract and bills of sale executed in pursuance thereof are void in law and must be set aside.

III. That the said Graham is entitled to be restored to his interest in and possession of the said vessels, including the Ocean Bird, as it appears the incumbrances on the same to C. & R. Poillon have been discharged.

IV. But, inasmuch as it appears that the said Sheken and Meyer have sold and disposed of all their interest in the said vessels, and the said Sheken is thereby unable to restore them to the complainant, the said Graham is entitled to the value of the same.

V. It having been agreed, by the counsel of the respective parties, to use the evidence taken on the trial at law, in the case of *Graham* agt. *Meyer*, involving the validity of these bills of sale, of the title of the complainant to these vessels, and the transactions generally, out of which the present suit has arisen, as the proofs of the present case, we shall adopt the amount of the verdict of the jury in the case at law as the proper value, after the payments of advances and deductions voluntarily assented to be made by the complainant, and thus avoid the delay and expense of a reference to a master. The amount of that verdict is $200,000, with interest from the 4th of May, 1856.

VI. That a court of equity has jurisdiction to administer the relief sought in this case.